O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CURTIS J. RICHARDSON,

            Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

            Defendant.

Case No. 2:15-CV-07779 (VEB)

DECISION AND ORDER

## I. INTRODUCTION

In September of 2009, Plaintiff Curtis J. Richardson applied for Supplemental Security Income ("SSI") benefits under the Social Security Act. The Commissioner of Social Security denied the application. Plaintiff, represented by the Law Offices of Lawrence D. Rohlfing, Vijay Patel, Esq., of counsel, commenced this action

1

seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3).

The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11, 12, 21). On July 6, 2016, this case was referred to the undersigned pursuant to General Order 05-07. (Docket No. 20).

## II. BACKGROUND

Plaintiff applied for SSI benefits on September 12, 2009, alleging disability beginning April 28, 2009, due to various impairments. (T at 132-39).[1]  The application was denied initially and on reconsideration.  Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). A hearing was held on September 29, 2010, before ALJ Sally Reason.  Plaintiff appeared with his attorney and testified. (T at 70-84).  The ALJ also received testimony from June Hagen, a vocational expert. (T at 84-88).

On January 27, 2011, the ALJ issued a written decision denying the application for benefits. (T at 32-45).  The ALJ's decision became the

---

[1] Citations to ("T") refer to the administrative record at Docket No. 15.

Commissioner's final decision on August 10, 2015, when the Appeals Council denied Plaintiff's request for review. (T at 1-6).[2]

On October 5, 2015, Plaintiff, acting by and through his counsel, filed this action seeking judicial review of the Commissioner's decision. (Docket No. 1). The Commissioner interposed an Answer on February 19, 2016. (Docket No. 14). Plaintiff filed a supporting Brief on April 7, 2016 (Docket No. 18); the Commissioner filed an opposing Brief on May 9, 2016. (Docket No. 19).

After reviewing the pleadings, briefs, and administrative record, this Court finds that the Commissioner's decision should be reversed and this case remanded for further proceedings.

### III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve

---

[2] The record indicates that Plaintiff submitted supplemental briefing to the Appeals Council in 2012.  (T at 14). Although Plaintiff's counsel wrote several letters to the Appeals Council requesting a decision (T at 7, 9, 11, 12), a decision was not rendered by the Appeals Council until August of 2015. (T at 1-6).

months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a claimant shall be determined to be under a disability only if any impairments are of such severity that he or she is not only unable to do previous work but cannot, considering his or her age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment(s) with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii),

416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work which was performed in the past. If the claimant is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) is considered. If the claimant cannot perform past relevant work, the fifth and final step in the process determines whether he or she is able to perform other work in the national economy in view of his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful

activity and (2) a "significant number of jobs exist in the national economy" that the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.     Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

"The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the

decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).   It is the role of the Commissioner, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

**C.   Commissioner's Decision**

The ALJ determined that Plaintiff had not engaged in substantial gainful activity since April 28, 2009 (the alleged onset date). (T at 36).  The ALJ found that Plaintiff's bipolar disorder NOS, intermittent explosive disorder, personality disorder NOS, and rule-out anti-social personality were "severe" impairments under the Act. (Tr. 36).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 36).

The ALJ determined that Plaintiff had no exertional limitations, but was limited to simple routine tasks and limited contact with co-workers and the public. (T at 37).

The ALJ found that Plaintiff could perform his past relevant work as a store laborer. (T at 41). In the alternative, considering Plaintiff's age (50 on the alleged onset date), education (high school), work experience, and residual functional capacity, the ALJ determined that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 41-42).

As such, the ALJ found that Plaintiff was not entitled to benefits under the Social Security Act through January 27, 2011 (the date of the ALJ's decision). (T at 43). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (T at 1-6).

**D. Disputed Issues**

Plaintiff challenges the ALJ's assessment of the medical opinion evidence. This Court will address this argument below.

# IV. ANALYSIS

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

Historically, the courts have recognized conflicting medical evidence, and/or the absence of regular medical treatment during the alleged period of disability, and/or the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding a treating or examining physician's opinion. *Flaten v. Secretary of Health and Human Servs.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995).

An ALJ satisfies the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995,

1012 (9th Cir. 2014)(quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors,' are correct." *Id.*

**A.     Dr. Kolpe**

Dr. Manasi Kolpe, a treating physician, completed a mental work capacity evaluation on June 1, 2010.  Dr. Kolpe assessed slight limitations with regard to Plaintiff's abilities to: remember locations and work-like procedures; understand and remember very short and simple instructions; carry out very short and simple instructions; maintain attention and concentration for extended periods; sustain an ordinary routine without special supervisions; make simple work-related decisions; ask simple questions or request assistance; maintain socially appropriate behavior and adhere to basic standards of neatness and cleanliness; respond appropriately to changes in the work setting; and set realistic goals or make plans independently of others. (T at 220-21).

However, Dr. Kolpe opined that Plaintiff had marked limitations with respect to performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances; accepting instructions and responding appropriately to criticism from supervisors. (T at 220-21).  Dr. Kolpe assessed extreme limitation as to Plaintiff's capacity to work in coordination with or in

proximity to others without being unduly distracted by them and interacting appropriately with the general public. (T at 220). Dr. Kolpe believed Plaintiff would likely be absent from work 3 days or more per month due to his impairments or treatment. (T at 221).

The ALJ did not accept Dr. Kolpe's marked and extreme findings. (T at 40). This Court finds this aspect of the ALJ's decision is supported by substantial evidence.

First, Dr. Kolpe's findings were conclusory and not accompanied by detailed clinical findings. The ALJ is not obliged to accept a treating source opinion that is "brief, conclusory and inadequately supported by clinical findings." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1044-45 (9th Cir. 2007) (citing *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Second, the ALJ reasonably concluded that the marked and extreme findings were contradicted by the contemporaneous treatment notes, which indicated that Plaintiff was frequently pleasant and generally able to control his emotions. (T at 40-41, 197, 200-202, 227-28, 232-33, 237, 239-41, 244-49, 266, 344). *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)(finding that "discrepancy" between treatment notes and opinion was "a clear and convincing reason for not relying on the doctor's opinion regarding" the claimant's limitations).

Third, the ALJ reasonably relied on the opinion of Dr. Roger Izzi, a consultative examiner, whose opinion is discussed in further detailed below. Dr. Izzi performed detailed testing, conducted a thorough examination, and did not assess any marked or extreme limitations. (T at 253-56). Dr. Izzi's assessment supports the ALJ's decision to discount Dr. Kolpe's highly restrictive opinion. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record."); *see also see also* 20 CFR § 404.1527 (f)(2)(i)("State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation.").

Plaintiff argues that the ALJ should have weighed the evidence differently and resolved the conflict in favor of the more restrictive aspects of Dr. Kolpe's opinion. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the

administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

In sum, although treating provider opinions are entitled to deference, the ALJ may reject such opinions where, as here, the ALJ provided a detailed and thorough summary of the record, reasonably resolved conflicting medical opinions, and interpreted the evidence in a manner that a "reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (1971). For the reasons outlined above, this Court finds that the reasons provided by the ALJ for rejecting the marked and extreme limitations assessed by Dr. Kolpe were sufficient.

**B.    Dr. Izzi & The RFC**

Dr. Roger Izzi performed a consultative examination in November of 2010. Dr. Izzi described Plaintiff as "hostile" and "irritable." (T at 254). He assessed Plaintiff's level of intellectual functioning as within the Low Average to Average range. (T at 255). Testing indicated good perceptual motor integration functioning and no impairment with regard to visual scanning, tracking, or progressing in sequence. (T at 256). Dr. Izzi assessed no limitation with regard to Plaintiff's ability to understand, remember, and carry out simple instructions or make judgments on simple work-related decisions. (T at 259). He found moderate limitations as to

13

DECISION AND ORDER – RICHARDSON v COLVIN 2:15-CV-07779-VEB

1  Plaintiff's ability to understand, remember, and carry out complex instructions or
2  make judgments on complex work-related decisions. (T at 259).
3       Dr. Izzi opined that Plaintiff had moderate limitations with regard to his
4  ability to interact with the public, supervisors, and co-workers; and moderate
5  limitation as to responding appropriately to usual work situations and changes in a
6  routine work setting. (T at 260).
7       The ALJ accepted Dr. Izzi's assessment.  (T at 40).  However, the ALJ did
8  not incorporate all of the limitations assessed by Dr. Izzi into Plaintiff's RFC.  The
9  ALJ's RFC determination includes a restriction to simple, routine tasks and limited
10  contact with co-workers and the public (consistent with Dr. Izzi's findings), but
11  contains no limitations regarding Plaintiff's ability to respond to supervision or
12  respond appropriately to usual work situations and changes in a routine work setting.
13  As discussed above, Dr. Izzi assessed moderate limitations in this regard.
14       The ALJ erred by accepting Dr. Izzi's opinion, but then failing to explain why
15  she did not accept or incorporate important aspects of that opinion into Plaintiff's
16  RFC.  A remand is appropriate where, as here, the ALJ finds a physician's opinion
17  credible, but then fails to include or address material aspects of that opinion in the
18  RFC determination. *See Le v. Colvin*, No. CV 14-9759, 2016 U.S. Dist. LEXIS
19  54944, at *4-8 (C.D. Cal. Apr. 22, 2016); *Gentry v. Colvin*, No. 1:12-cv-01825,

2013 U.S. Dist. LEXIS 168342, at *45-48 (E.D. Cal. Nov. 25, 2013); *Dennis v. Colvin*, No. 06:14-CV-00822-HZ, 2015 U.S. Dist. LEXIS 80937, at *8 (D. Or. June 20, 2015); *see also Bagby v. Comm'r of Soc. Sec.*, 606 Fed. Appx. 888, 890 (9th Cir. Or. 2015)(finding that ALJ's RFC assessment limiting claimant to "simple, repetitive tasks, no contact with the public, and occasional interaction with coworkers" failed to incorporate physician's conclusion that claimant was limited in her ability to "[r]espond appropriately to usual work situations and to changes in a routine work setting").

On remand, the ALJ should either explain why the additional limitations assessed by Dr. Izzi do not need to be incorporated into the RFC or, if they are incorporated, whether those additional limitations either preclude performance of Plaintiff's past relevant work or, in the alternative, preclude work that exists in significant numbers in the national economy. Vocational expert testimony would likely be required in the latter eventuality.

**C.     Remand**

In a case where the ALJ's determination is not supported by substantial evidence or is tainted by legal error, the court may remand the matter for additional proceedings or an immediate award of benefits. Remand for additional proceedings is proper where (1) outstanding issues must be resolved, and (2) it is not clear from

the record before the court that a claimant is disabled. *See Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Here, this Court finds that remand for further proceedings is warranted. As noted above, the ALJ erred by accepting Dr. Izzi's opinion and then either failing to incorporate all of the limitations he assessed or explain why those limitations were not included in the RFC determination. With that said, it is not clear from the record that Plaintiff is disabled. The Commissioner points to evidence of improvement in Plaintiff's symptoms with treatment and he was generally described as pleasant by his treating physician. In addition, the Commissioner speculates that Plaintiff would not necessarily be precluded from performing the jobs identified by the vocational expert even if the additional moderate limitations identified by Dr. Izzi were incorporated into the RFC determination. While these post-hoc rationalizations cannot serve to sustain the ALJ's decision,[3] they do create a question as to whether Plaintiff is disabled. As such, a remand for further proceedings is the appropriate remedy here.

This Court is mindful of the significant delay in this case, which concerns an application for benefits filed nearly seven (7) years ago. A large portion of this

---

[3] "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r*, 554 F.3d 1219, 1226 (9th Cir. 2009).

delay was the result of the Appeals Council's apparent failure to take timely action with regard to Plaintiff's request for review. This Court recognizes that a significant delay, however harmful to the claimant and however inexcusable on the part of the Commissioner, is not a basis for remanding for calculation of benefits. *See, e.g.*, *Garcia v. Astrue*, 472 F. App'x 614, 615 (9th Cir. 2012) ("While the length of the proceedings here is regrettable, there are outstanding issues to be determined on remand before a finding can be made that [claimant] was disabled for the relevant period.").

However, this Court directs the Commissioner to give expedited consideration to this matter on remand and orders that follow-up proceedings be conducted within a reasonable period of time. *See Stone v. Astrue*, 804 F. Supp. 2d 975, 987 (D. Ariz. 2011)(remanding with direction that decision be expedited); *Daniels v. Colvin*, No. CV 13-654, 2014 U.S. Dist. LEXIS 29261, at *8 (C.D. Cal. Feb. 26, 2014)(same); *see also Luce v. Astrue*, No. C08-5421RBL, 2008 U.S. Dist. LEXIS 116155, at *3-*4 (W.D. Wash. Oct. 2, 2008); *Butts v. Barnhart*, 388 F.3d 377, 387 (2d Cir. 2004).

## V. ORDERS

IT IS THEREFORE ORDERED that:

Judgment be entered REVERSING the Commissioner's decision; and REMANDING this case for further proceedings consistent with this Decision and Order, which proceedings shall be expedited by the Commissioner.

The Clerk of the Court shall file this Decision and Order, serve copies upon counsel for the parties, and CLOSE this case, without prejudice to a timely application for attorneys' fees.

DATED this 23rd day of August, 2016,

/s/Victor E. Bianchini
VICTOR E. BIANCHINI
UNITED STATES MAGISTRATE JUDGE